UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPOT REALTY, INC. PROFIT SHARING PLAN,
ET AL.,

        Plaintiffs,                    Case number 05-71229
                                                Honorable Julian Abele Cook, Jr.

v.

CARL M. SIEGEL, ET AL.,

        Defendants.

## ORDER

On May 2, 2005, this Court entered an order which directed the Defendants, Carl M. Siegel, et al., to show cause in writing as to why this case should not be remanded to a state court for lack of subject matter jurisdiction. On May 10, 2005, the Defendants filed their response, in which they asserted that significant questions of law and fact exist in this litigation, all of which relate to issues involving the Internal Revenue Code, 26 U.S.C. § 1 *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1106.

In their Complaint, the Plaintiffs, Spot Realty, Inc. et al, allege that they are now subject to the imposition of monetary penalties by the Internal Revenue Service ("IRS") because of the Defendants' erroneous professional advice. However, the Defendants, in denying these charges, maintain that the following questions remain:

    1.      Did the Plaintiffs' violate Title 26 of the United States Code, as a result of the Defendants' alleged advice?
    2.      What was the violation under Title 26 of the United States Code?
    3.      Did the IRS have the authority to and in fact assess penalties as a result of the violation?
    4.      What are the penalties as a result of this violation?

Def.'s Resp. to Show Cause Order at 2.  Furthermore, the Defendants contend that a resolution of these federal questions clearly demonstrates that the Court has subject matter jurisdiction over this federal litigation.

In 1983, the Supreme Court explained that "lower courts [have] jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983).

Despite having examined the pleadings in this cause, it remains unclear to this Court whether the Plaintiffs' right to relief is, or is not, dependent upon the existence of a "substantial" question of federal law.  *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.")

Nevertheless, the Court, following its review of the Defendants' written response to the show cause order of May 2nd, concludes that they have set forth a minimally adequate justification for their removal of this action pursuant to 28 U.S.C. § 1446(a).  However, the parties should remain aware that this Court has a "continuing obligation to examine [its] subject matter jurisdiction throughout the pendency of every matter before [it]." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991).  In all removal actions, a federal district court has the authority to *sua sponte* remand the case to a state court if it lacks subject matter jurisdiction.  *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

Therefore, the Court will (1) dismiss the order of May 2, 2005 without prejudice, and (2)

continue to closely monitor this litigation to determine if it has subject matter jurisdiction over the issues in this case.

    IT IS SO ORDERED.


DATED:    <u>June 2, 2005</u>                      <u>s/ Julian Abele Cook, Jr.</u>
            Detroit, Michigan              JULIAN ABELE COOK, JR.
                                                United States District Judge


<u>Certificate of Service</u>

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 2, 2005.

                                                                 <u>s/ Kay Alford</u>
                                                                  Courtroom Deputy Clerk